IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>501 School Street, S.W., Suite 700<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING<br>AND URBAN DEVELOPMENT,<br>451 Seventh Street, S.W.<br>Washington, DC 20410,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND
<u>INJUNCTIVE RELIEF</u>**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Housing and Urban Development ("HUD") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

<u>**PARTIES**</u>

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 700, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at 451 Seventh Street, S.W., Washington, DC 20410. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On July 17, 2009, Plaintiff sent a FOIA request to Defendant HUD seeking access to the following records for the time frame from January 2000 to the present:

> 1. Any and all documents concerning money given to the Association for Community Reform Now (ACORN) and/or any of its affiliates.
>
> 2. Any and all documents concerning any actions and/or disbarments against ACORN, for reasons including but not limited to abuse of grant money, misconduct, etc.

6. Pursuant to 5 U.S.C. § 552 (a)(6)(A)(i), HUD was required to respond to Plaintiff's request within twenty (20) working days of receipt.

7. By letter dated August 4, 2009, Defendant acknowledged receiving Plaintiff's FOIA request on July 21, 2009. In its acknowledgment letter, however, HUD asserted that it was granting itself additional time to respond to the request pursuant to the provisions of 5 U.S.C. § 552(a)(6)(B)(ii).

8. In its August 4, 2009 acknowledgment letter, HUD did not provide Plaintiff with a specific date by which it would respond to Plaintiff's request. Rather, it asserted that it may take approximately forty-five (45) days to process the request. HUD also asserted that Plaintiff

could consult with a HUD representative in order to determine whether the request could be modified for more expeditious consideration.

9. Also on August 4, 2009, Plaintiff spoke with a HUD representative by telephone to discuss the scope of Plaintiff's request. During the telephone conversation, Plaintiff agreed to limit the scope of its request to offices of ACORN and/or ACORN affiliates in the following seven (7) states only: California, Texas, Washington, Illinois, Pennsylvania, Arkansas, and Louisiana.

10. Even taking into consideration the additional time HUD estimated it would take to respond to Plaintiff's request as well as Plaintiff's subsequent substantial limiting of the scope of its request, as of September 22, 2009, HUD has failed to produce any records responsive to Plaintiff's request or demonstrate that responsive records are exempt from production. Nor has HUD indicated when or whether any responsive records will be produced.

11. Because HUD failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant has violated FOIA by failing to respond to Plaintiff's July 17, 2009 request.

14. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the requirements of FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) order Defendant to search for and produce any and all non-exempt records responsive to Plaintiff's July 17, 2009 request and a *Vaughn* index of allegedly exempt records responsive to the request by a date certain; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 23, 2009

Respectfully submitted,

JUDICIAL WATCH, INC.

_____
Paul J. Orfanedes
D.C. Bar No. 429716

_____
David F. Rothstein
D.C. Bar No. 450035
Suite 700
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*